| | |
|---|---|
| United States District Court | Southern District of Texas |

Amerisure Insurance Company, § 
§
§ Plaintiff, §
§
versus § Civil Action H-06-2096
§
Navigators Insurance Company, et al., §
§
Defendants. §

## Findings of Fact and Conclusions of Law

1. *Introduction.*

   Insurance coverage depends on whether the driver of a vehicle is an employee or independent contractor of the company that hired him. He is an independent contractor.

2. *Background.*

   Texas Crewboats owns support vessels that it operates for offshore service companies. To shuttle its crews from location to location, it sometimes hired a driver. In 2003, while driving for Crewboats Sylvester fell asleep at the wheel and wrecked, injuring two crew members whom he was transporting. Amerisure says that its policy excludes coverage because Sylvester was an employee.

   Sylvester had no special training. The vehicles he drove were owned, maintained, and insured by Crewboats. He could use them only for crew changes – never for other companies or for himself. When Crewboats' vehicles were not in-use, they were stored at its facility. It gave Sylvester a company credit card to pay for gas or other operating expenses; he never paid expenses himself.

   Sylvester chose whether to accept a job, how to operate the vehicle, and which route to take. He was not obliged to drive when asked, and he occasionally declined jobs. Similarly, Crewboats was not obliged to offer him future work. On average, though, Sylvester worked about twenty hours per week for at least three years. He was paid by the trip in cash, and no

deductions were taken for taxes or social security. Sylvester was not eligible for retirement benefits or year-end bonuses.

Sylvester was 73 years old when the accident occurred. In addition to sometimes driving for Crewboats, he bought and sold used cars. He was a veteran who had served in the Army Air Corps in Japan and the Air Force in Korea. After his time in the military, he had worked as a welder and a pipe fitter.

3. *Analysis.*

No one fact dictates whether Sylvester is an employee or an independent contractor. *King v. Galloway*, 284 S.W. 942, 943 (Tex. 1926). The primary distinction between the two categories is that independent contractors agree to accomplish the results, while employees agree to managed in detail. The ability to control a worker is the most significant factor. Other indications of status noted in federal labor cases include the method of payment, the intention of the parties, whether the worker accumulates retirement benefits, whether the employer pays social security taxes, whether an annual leave is afforded, who furnishes the equipment, and who furnishes the equipment, among others. *Broussard v. L. H. Bossier, Inc.*, 789 F.2d 1158, 1160 (5th Cir. 1986) ("economic realities").

Amerisure urges that Crewboats' ownership and maintenance over the vehicle determines Sylvester's status and that the few decisions he could make – such as the route – are insufficient initiative for an independent contractor.

Despite owning the vehicles, Crewboats did not exercise the degree of control over Sylvester necessary for him to be an employee. First, he was consistently an occasional worker, driving intermittently and declining idiosyncratically requests to drive. Each job he took was distinct, and the retired Sylvester was free to work for others had he desired. Driving for Crewboats was purely optional – at his convenience and Crewboats' need. Neither was obligated to the other.

Second, Sylvester retained control over the details of each assignment. For him to do his job, Crewboats had to instruct Sylvester where to go, when, and who to pick up – necessary directions to secure its responsibilities to its offshore clients. Crewboats, however, could not and did not tell Sylvester how to drive, the route to take, or require him to drive when asked.

It was a simple task: driving. While simple tasks leave few details for independent judgment, the nature of the task still allows the parties to structure the terms of the

relationship. A homeowner, for example, may hire a worker to lay tile in her kitchen. The homeowner buys the tile and perhaps the grout and tools, directs where it is laid, and when. Precious few details are left to the worker's discretion, yet he is an independent contractor. Likewise, the high-school boy who sometimes mows the neighbor's lawn with the neighbor's mower is an independent contractor and so is the cleaning person who now and again cleans an office with the its supplies. Sylvester's task, too, was menial and the tools owned by the company. He, nonetheless, exercised independent discretion to the utmost of the confines of the assignment. He accepted each drive independently and on his own terms.

Third, knowing that it needed drivers irregularly and unpredictably, Crewboats intended for its drivers – including Sylvester – to be independent contractors. It structured their payment accordingly: in cash per trip, and Sylvester accepted this mode of payment. Crewboats did not withhold taxes, social security benefits, or award retirement benefits. Nor did it offer him bonuses, worker's compensation, or other employee benefits – because it did not consider him an employee.

When Crewboats occasionally needed him, it offered him a chance to make an extra $50, and he occasionally accepted. Despite furnishing the means, Crewboats did not oversee how the job was accomplished or otherwise indicate a close detail-directed relationship.

4. Conclusion.

The facts show a lack of an employer-employee relationship. Sylvester was an independent contractor and is covered by Amerisure Insurance Company's policy.

Signed on February 15, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge